(81 Misc. Rep. 234.)

FINE v. BARRETT.

(Supreme Court, Appellate Term, First Department.  June 24, 1913.)

1. CARRIERS (§ 76*)—BREACH OF CONTRACT OF CARRIAGE—RIGHT OF ACTION
   BY CONSIGNOR.

   Where a consignee refused to accept goods, when tendered by a carrier, on the ground that he had not ordered them from the consignor, the title remained in the consignor, who could sue the carrier for breach of contract of carriage.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 256–271, 363; Dec. Dig. § 76.*]

2. CARRIERS (§ 89*)—REFUSAL OF CONSIGNEE TO ACCEPT FREIGHT TENDERED—
   OBLIGATION OF CARRIER.

   Where a consignee refused goods, when tendered by a carrier, and claimed that he had never purchased them from the consignor, the carrier must not only store the goods, but exert reasonable efforts to inform the consignor of the facts, or it will be liable for injury to the goods.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 324–330; Dec. Dig. § 89.*]

3. CARRIERS (§ 94*)—REFUSAL OF CONSIGNEE TO ACCEPT FREIGHT TENDERED—
   OBLIGATION OF CARRIER.

   Where a consignor seeks to recover from a carrier damages to goods, refused by the consignee when tendered, on the theory that the carrier should have given notice of the refusal, the carrier may show that it mailed a notice to the consignor, stating that the consignee had refused to receive the goods.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 367–395, 456; Dec. Dig. § 94.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Reuben Fine against William M. Barrett, as President of the Adams Express Company.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Edward V. Conwell and Robert E. Palmer, both of New York City, for appellant.

I. Gainsburg, of New York City, for respondent.

SEABURY, J.  Plaintiff, in the city of New York, on April 27, 1912, delivered to the defendant two packages, consigned to the Fair Company, Providence, R. I., and received from the defendant its express receipt.  Two days after shipment the defendant tendered the goods to the consignee, who refused to accept them.  The packages contained 19 ladies' suits.  The plaintiff had sold them to the consignee on 40 days' time.  When the consignee refused to accept the goods, the defendant, it is claimed, did not notify the plaintiff, and still retains the goods.  The proof showed that on the day of shipment the goods were worth $132.25, and that on the date of trial they were worth 10 per cent. of that amount.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] It is claimed by the appellant that the title to the goods was in the consignee, and that consequently the plaintiff has no cause of action. While the consignee was presumptively the owner of the goods, this presumption was overcome as to the carrier when the consignee refused to accept delivery of the goods upon the ground that it had not ordered them. Under the circumstances proved, the title to the goods remained in the consignor, and the latter may maintain an action for the breach of the contract of carriage. Sweet v. Barney, 23 N. Y. 335; Wertheimer v. Wells Fargo & Co. (Sup.) 112 N. Y. Supp. 1062.

[2] The plaintiff seeks to predicate the liability of the defendant upon the ground that the carrier should have given notice to the consignor when the goods were refused by the consignee. It cannot be said that the cases in this state have gone so far as to assert that such is invariably the duty of the carrier. Fisk v. Newton, 1 Denio, 45, 43 Am. Dec. 649; Mayell v. Potter, 2 Johns. Cas. 371; M. D. Fenner v. B. & S. L. R. R., 44 N. Y. 505, 4 Am. Rep. 709; Zinn et al. v. Steamboat Co., 49 N. Y. 442, 10 Am. Rep. 402. Whether or not the carrier should give notice to the consignor depends upon the circumstances of the particular case. In Weed v. Barney, 45 N. Y. 344, 6 Am. Rep. 96, Judge Peckham, in reference to the case then under consideration, said:

"The authorities would not seem to require notice under the facts of this case, though notice may be sometimes necessary."

The cases cannot be said to be in harmony upon the question whether the carrier should give notice to the consignor upon the refusal by the consignee to accept the goods. In Kremer v. Express Co., 6 Cold. (Tenn.) 356, it was distinctly held that the carrier was under no duty to give such notice. In some of the New York cases, cited above, the court decided that, under the facts presented in those cases, the carrier had done all that was required of it when it stored the goods for the account of the consignor.

After reviewing the authorities upon the subject, and commenting upon the divergent views, Mr. Hutchinson, in his work on Carriers (section 721, p. 806), says:

"But the better opinion would seem to be that the carrier would be bound to presume, from such refusal, that the consignor was still the owner of the goods, and that, to relieve himself from his responsibility as carrier, it would be necessary for him to store them either in his own warehouse or with some responsible warehouseman, and give notice of the fact to such consignor or owner."

Such we think is the just rule applicable to the facts here disclosed. The consignee having refused the goods and claimed never to have purchased them, it was not enough for the defendant to store the goods merely, but it was required as a part of its contract to exert reasonable effort to inform the consignor of this fact. If the record before us showed that the carrier had not done this, we would not feel justified in disturbing the judgment.

[3] The appellant, however, attempted upon the trial to prove that it had mailed notice to the consignor that the consignee had refused to receive the goods. This evidence was stricken out by the court be-

low, and, as the appellant was not accorded an opportunity of proving this fact, the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.