### SAUER v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

1. CARRIERS (§ 89*)—SALE OF GOODS—NOTICE TO OWNER.

To justify a carrier in selling goods, the real necessity for the sale must be shown, or the impossibility of notifying the owner or receiving instructions.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 324–330; Dec. Dig. § 89.*]

2. CARRIERS (§ 89*)—SALE OF GOODS—NOTICE TO OWNER.

Where a carrier of perishable freight refused by the consignee could have notified the shipper by mail, requiring only one day's time, of the refusal, the failure to so notify the shipper was negligence; and where it sold the freight without notice, it was liable for any loss sustained by the shipper.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 324–330; Dec. Dig. § 89.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph P. Sauer against the Lehigh Valley Railroad Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Affirmed.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Stewart C. Pratt, of New York City, for appellant.

Tweedy & Kraetzer, of New York City, for respondent.

GUY, J. The action was brought by a consignor of tomatoes against the common carrier, who, when the consignee refused to receive them, neglected to notify the consignor, and sold the tomatoes at a loss. The tomatoes were shipped on June 19th, were refused by consignee on June 20th, and were sold by the carrier on June 24th, without notice, because they were perishable.

The bill of lading provided that property not removed by the party entitled to receive it within 48 hours, after notice of its arrival has been duly sent or given, may be kept in car, depot, or place of delivery of the carrier, or warehoused, or may, at the option of the carrier, be stored at the owner's risk. In the event of the consignee re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fusing to receive the goods, there is a conflict of authorities as to whether the carrier is or is not bound to notify the consignor. This court has held that the better opinion is that the carrier is bound to presume, from the consignee's refusal to accept the goods, that the consignor is still the owner of the goods, and to relieve itself from its responsibility as carrier it should keep the goods safely, warehouse them, and notify the consignor. Fine v. Barrett, 81 Misc. Rep. 234, 236, 142 N. Y. Supp. 533; 2 Hutchinson on Carriers (3d Ed.) § 721.

[1] To justify a carrier in selling goods, a real necessity for the sale must be shown, or else the impossibility of communicating with the owner or receiving his instructions. 2 Hutchinson on Carriers (3d Ed.) § 790.

[2] Whether the carrier neglected to properly care for the tomatoes, or notify the consignor of the consignee's refusal to accept them, was a question of fact (Bacharach v. Lehigh Valley R. R. Co., 143 App. Div. 117, 127 N. Y. Supp. 607), which the trial court decided in favor of plaintiff. The evidence supports the finding that, had the defendant, in the exercise of reasonable care, notified the shipper by mail, requiring only one day's time, that the consignee refused to receive the goods, the necessity for the sale of the goods by the carrier might have been avoided, and that the failure to do so was negligence.

Judgment affirmed, with costs. All concur.